HENRY OETERS, Appellant, v. THE CITY OF NEW YORK, Respondent.

(Argued March 12, 1936; decided April 14, 1936.)

*Joseph S. Byrne* for appellant. The Bureau of Buildings acted in a proprietary capacity causing damages for which the city of New York is liable. (*Metzroth* v. *City of New York*, 241 N. Y. 470; *Bieling* v. *City of Brooklyn*, 120 N. Y. 98.)

*Paul Windels, Corporation Counsel (Paxton Blair* and *Arthur B. Hoff, Jr.,* of counsel), for respondent. To the mere *ultra vires* act of a municipal employee cannot be attributed the effect of violating the plaintiff's rights under the due process clause of the Constitution. (*Owensboro Water Works Co.* v. *Owensboro,* 200 U. S. 38; *New Orleans Water Works Co.* v. *Louisiana Sugar Refining Co.,* 125 U. S. 18; *Hamilton Gas Light & Coke Co.* v. *Hamilton City,* 146 U. S. 258; *McGovern* v. *New York City,* 229 U. S. 363; *Roberts* v. *New York City,* 295 U. S. 264; *Civil Rights Cases,* 109 U. S. 3; *United States* v. *Wheeler,* 254 U. S. 281.) The city is not liable for the tortious and unauthorized acts of the Superintendent of Buildings or his servants. (*Matter of Evans* v. *Berry,* 262 N. Y. 61; *Kearney* v. *London, B. & S. C. Ry. Co.,* 5 Q. B. Div. 411; *Doll & Sons* v. *Ribetti,* 203 Fed. Rep. 593; 229 U. S. 616; *Stubley* v. *Allison Realty Co.,* 124 App. Div. 162; *Connors* v. *Mayor,* 11 Hun, 439; *Lawton* v. *Steele,* 152 U. S. 133.)

O'BRIEN, J. Plaintiff owned a building in the borough of Queens which abutted upon a public street. On the theory, as alleged in the answer, that this structure was unsafe and that its removal was necessary to prevent it from falling into the street and thereby endangering the lives of persons using the highway, employees of the Bureau of Buildings of the City of New York caused it to be demolished. This destruction was effected without notice to the owner and was an illegal official act.

The question to be decided is whether the employees of the Bureau of Buildings who participated in this transaction may be deemed agents of defendant, The City of New York. In *Connors* v. *Mayor* (11 Hun, 439) the General Term held that employees of that bureau, in failing to take precautions to prevent the collapse of a building which fell and killed a person on adjoining premises, were not agents of the city. A similar decision is *Stubley* v. *Allison Realty Co.* (124 App. Div. 162), where the Appellate Division held that

such employees, in approving defective building plans resulting in the injury of a workman engaged on a structure which collapsed, are not such agents as render the municipality liable. In that case the court apparently gave some consideration to the possibility of municipal liability in the event that the building had fallen into the street and had injured one using the highway but prudently refrained from expressing an opinion on assumed facts which were not present. This court has never proceeded to the extent of deciding that the Bureau of Buildings is limited to the performance of an exclusively governmental function when it either participates in the creation of a nuisance on the highway or acts beyond its powers in an attempt to render the highway safe by illegally engaging in the destruction of private property. Indeed, decisions pointing in the opposite direction are found in *Parks* v. *City of New York* (111 App. Div. 836; affd., 187 N. Y. 555) and *Metzroth* v. *City of New York* (241 N. Y. 470). In the *Parks* case an employee of the Building Department inspected a temporary bridge over an excavation in the highway and pronounced it safe when in fact it proved to be unsafe. In the *Metzroth* case the Building Department issued a permit for the construction of a shed over a sidewalk which collapsed and killed a pedestrian. The present chief judge observed (p. 474): " Whatever may be the nature of the duties of the building department regarding buildings, in so far as the employees of that department interfere with the streets and highways, they are the servants and agents of the city, by and through whom it may have notice of conditions or be liable for nuisances created." No decision actually deals with facts such as are presented in the case now before us but strong inferences may be drawn from expressions of judicial opinion in recent years that the doctrine of exemption of municipal liability from acts of employees appointed by municipal authority and paid with municipal funds should not be extended. (*Augustine* v. *Town of*

*Brant*, 249 N. Y. 198, 205, 206; *Matter of Evans* v. *Berry*, 262 N. Y. 61, 70, 71; *Matter of Horn* v. *Gillespie*, 267 N. Y. 333, 338.) Although a municipality in cleaning its streets, acts in the interest of public health, nevertheless it discharges a special power which is regarded as proprietary rather than governmental. (*Missano* v. *Mayor*, 160 N. Y. 123.) No less so is the duty to preserve the safety of its streets by whatsoever agency it may employ for that purpose. To hold that the Bureau of Buildings may and does act in a dual capacity does not result in any inconsistency. When it approves or disapproves plans for the construction of buildings it may be held to perform a public or governmental function; when it takes action and expends municipal funds for the purpose of rendering a highway safe, it may be held to be engaged in a corporate function and its officers and employees when acting in that capacity may be deemed agents of the municipality.

The judgments should be reversed and a new trial granted, with costs to abide the event.

CRANE, Ch. J., LEHMAN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgments reversed, etc.