CITY OF LAKELAND v. STATE *ex rel.* JAMES HARRIS, *et al.*

197 So. 470
Special Division A
Opinion Filed July 19, 1940

762

*Marchant & Love,* for Petitioner;
*John S. Edwards,* for Respondents.

BUFORD, J.—This is the second appearance of this case here. See State *ex rel.* Harris v. City of Lakeland, 141 Fla. 785, 193 So. 826.

When the mandate of this Court went down pursuant to our opinion and judgment, *supra,* on motion the court entered the following order:

"The motion of the plaintiff to strike portions of the defendant's answer in the foregoing cause coming on again to be heard after the coming down from the Supreme Court of the opinion and mandate in said cause, and counsel for the plaintiff having stated in open court that the bill was intended to charge only a public nuisance and not a private nuisance, and that the plaintiffs under said bill would be entitled only to relief from a public nuisance, the court being advised in the premises this court finds;

"That under the opinion of the Supreme Court a public

nuisance is charged in the said bill, and that if same is established by the evidence the plaintiff is entitled to relief and to have the said public nuisance abated;

"That neither the doctrine of comparative negligence nor the commission of a nuisance by other persons nor poverty of the defendant or inability to remove the nuisance created by it is a defense to a bill to abate a public nuisance.

"It Is, Therefore, Ordered that the said motion to strike all allegations of the said answer which undertake to set up as a defense to the said bill the establishment or maintenance of a nuisance by any other person or persons; the defense that undertakes to set up comparative injury between the plaintiff and the defendant in said cause; and the poverty or inability of the defendant to remove said nuisance; is hereby granted, and all portions of said answer that undertake to set up any of the foregoing defenses are hereby stricken."

As we understand the order, it leaves in the answer all the allegations denying the existence of the nuisance and denying the defendant's responsibility for the existence of a nuisance, if one exists. The parts stricken from the answer are those allegations which sought to set up the defense of the establishment or maintenance of the alleged nuisance by persons other than the defendant and the defense that the answer undertakes to set up under the doctrine of comparative injury between the plaintiff and defendant in the cause.

In our opinion and judgment, *supra,* it was not held that the doctrine of comparative negligence could not be applied in cases involving strictly public nuisance, but we did hold that that doctrine was rarely, if ever, applied, and whether or not it may be applied depends upon the facts of the case.

In City of Harrisonville, Mo., v. W. S. Dickey Clay Mfg. Co., 289 U. S. 334, 77 L. Ed. 1208, it was held:

1. "The discharge from a municipal sewage disposal plant into a creek flowing through complainant's farm, of an effluent containing organic putrescent matter which additional treatment would eliminate, is an injury for which an injunction may be granted if upon the facts found injunction is the appropriate remedy."

3. "Where substantial redress for a nuisance can be afforded by the payment of money and issuance of an injunction would subject the defendant to grossly disproportionate hardship, equitable relief may be denied, particularly where the interest which would be prejudiced is a public one."

4. "Injunction will not issue against the discharge of an offensive effluent from a municipal sewage disposal plant into a creek flowing through complainant's farm, where the further treatment of the sewage would require a considerable expenditure for an auxiliary plant the annual interest on the cost of which would be many times the annual loss resulting to the owner of the farm from the nuisance, and complete monetary redress may be given by making denial of an injunction conditional upon prompt payment as compensation of an amount equal to the depreciation in value of the farm on account of the nuisance."

To like effect is City of New York v. Pine, 46 L. Ed. 820, 185 U. S. 93.

In Boyd v. City of San Angelo (Tex. Civ. App.), 290 S. W. 833, the Court quoted with approval from 29 Cyc. 1159, saying: " 'One who uses his property in a lawful and proper manner is not guilty of a nuisance, merely because the particular use which he chooses to make of it may cause inconvenience or annoyance to a neighbor, and

nothing which is legal in its erection can be a nuisance *per se.* * * * ' " and then said:

"It is obvious, therefore, that a sewage disposal plant is not a nuisance *per se,* but its location and the manner of its operation must determine that matter. And even when it becomes a nuisance it does not necessarily follow that such nuisance is permanent, or that its operation may be permanently enjoined. City of Austin v. Bush (Tex. Civ. App.), 260 S. W. 300.

"Referring again to 29 Cyc., pp. 1223-1225, the general rule is there announced that:

" 'A court of equity will not interfere to prevent or abate as a nuisance everything which may work hurt, inconvenience or damage; but in order to call for such interference it must appear that the injury resulting from the alleged nuisance is or will be irreparable. So a mere diminution of the value of property by a nuisance, without irreparable mischief, will not furnish sufficient ground for equitable relief by injunction.'

"And again: 'In order to obtain an injunction against or the abatement of an alleged nuisance, the complaining party must show a clear and strong case supporting his right to relief."

The allegations of the answer are sufficient to show that the sewage disposal plant involved is not modern and is not efficient in purification of the disposal which passes through it. It is admitted by the pleadings that it is the purpose and intention of the municipality to modernize its plant so that it will purify the disposal which passes through it to such an extent as to make that which flows from the plant harmless and of such a character that it will not pollute the waters into which it flows. It is the duty of the municipality to provide a sewage disposal plant which will not

render harm to citizens either within or without the municipal boundaries and we held in our opinion and judgment, *supra*, 'If a public nuisance is conclusively proven the responsibility will be on the City to remove it. This it may do by modernizing its present sewage disposal facilities or provide additional ones. It cannot plead poverty or inability to remove a nuisance created by it that has become deleterious to the public health."

There is no difference between the legal status of a sewage disposal plant operated by a municipality and an incinerator for the disposal of garbage by a municipality. In Chardkoff Junk Co. v. City of Tampa, 102 Fla. 501, 135 Sou. 457, it was held:

1. "All functions of a municipal corporation, not governmental, are strictly municipal. Municipal functions are those granted for the specific benefit and advantage of the urban community embraced within the corporated boundaries. Logically all those are strictly municipal functions which specially and peculiarly promote the comfort, convenience, safety and happiness of the citizens of the municipality, rather than the welfare of the general public. Under this class of functions are included in most jurisdictions, the proper care of streets, and alleys, parks and other public places, and the erection and maintenance of public utilities and improvements generally. In this character the corporation stands for the community in the administration of local affairs wholly beyond the sphere of the public purpose for which its governmental powers are conferred.

2. "The operation of an incinerator is not an exclusive governmental function, if it may be considered such in any event. The operation of the incinerator is for the specific benefit and advantage of the urban community embraced

within the corporate boundaries. It is especially maintained to peculiarly promote the comfort, convenience and welfare of the citizens of the municipality and such benefits are not enjoyed by, nor do the results accomplished affect the general public beyond the corporate limits." See also City of Lakeland v. Douglass, filed at this Term of Court.

Our conclusion is that it was error to strike those parts of the answer which sought to invoke the doctrine of comparative injury. We do not mean to hold, however, that if the balance of comparative injury is in favor of the municipality that such facts will relieve the municipality of its duty to construct and maintain an efficient sewage disposal plant. The establishment of such condition might properly be considered by the court as sufficient equitable ground upon which to defer the operation of an injunctive order for a reasonable period of time to allow the municipality to so improve its plant as to overcome the deleterious condition which may be found at present to exist, without prejudice, however, to parties injured by the present manner of operation to maintain suits to enforce the payment of damages which may be occasioned in the use of their property by the opertaion of a sewage disposal plant in its present condition.

For the reasons stated, the writ of certiorari is granted and that part of the order of the court striking that part of the answer, the allegations of which sought to invoke the doctrine of comparative injury, is quashed.

So ordered.

TERRELL, C. J., and WHITFIELD, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices BROWN and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.