## T. L. Jones et ux.

*v.*

## Knox County et al.

(*Knoxville,* September Term, 1958.)

Opinion filed June 5, 1959.

Rehearing denied October 2, 1959.

Earl S. Ailor, Knoxville, for appellants.

Ely & Ely, Knoxville, for appellees.

562

MR. JUSTICE PREWITT, delivered the opinion of the Court.

The question presented in this cause is whether a suit will lie to enjoin the county and the County Board of Education from maintaining a nuisance near one of the large grammar schools in the Sixth Civil District of Knox County.

It seems that the county and the School Board had installed a modern sewage treatment plant at the school, which was attended by about 500 pupils on an average daily attendance.

The principal charge in the bill is that in the operation of this sanitary sewage disposal plant noxious odors emit therefrom, and that the plant has no covering on it; that it is accessible to flies, and then this filth is thrown into a public ditch within a short distance of the home of the complainant in this neighborhood.

There was a demurrer to the bill, which was overruled by the Chancellor, and a temporary injunction ordered and this appeal resulted.

The county, although acting in its governmental capacity, is not authorized to commit and maintain a public nuisance and this seems to be the general rule.

See 42 C.J.S. Indemnity secs. 32, 36, pp. 618 and 630; *Lees v. Sampson Land Company,* 372 Pa. 126, 92 A.2d 692, 40 A.L.R.2d beginning at 1171 through 1207; 49 A.L.R.2d beginning at page 262.

We think the case of *Williams v. Cross,* 16 Tenn.App. 454, 65 S.W.2d 198, is in point and involves the right to enjoin the maintenance of a nuisance.

The case of *City of Murfreesboro v. Haynes,* 18 Tenn. App. 653, 82 S.W.2d 236, was a case of the landowner suing the City of Murfreesboro for polluting the river and the first syllabus in that case holds that the city is liable although acting as a governmental agency.

In *Pierce v. Gibson County,* 107 Tenn. 224, 64 S.W. 33, 555 L.R.A. 477, it was held that these governmental functions do not authorize the maintenance of a nuisance.

The appellants here urge that the rule is stated in *Odil v. Maury County,* 175 Tenn. 550, 136 S.W.2d 500, and *Buckholtz v. Hamilton County,* 180 Tenn. 263, 174 S.W.2d 455. However, these cases involve tort actions for damages and have no application in the present case.

It results that we find no error in the decree of the Chancellor and it is affirmed and remanded.