121 So.2d 701 (1960)
A. & P. FOOD STORES, INC., a Florida Corporation, Appellant,
v.
Sam KORNSTEIN and Shirley Kornstein, Appellees.
No. 59-614.
District Court of Appeal of Florida. Third District.
June 20, 1960.
On Petition for Rehearing July 21, 1960.
On Petition for Clarification July 29, 1960.
*702 Dean, Adams, Fischer & Gautier, Miami, for appellant.
Egert & Levine, Miami, for appellees.
HORTON, Chief Judge.
The defendant below appeals from an order granting a permanent injunction and awarding damages resulting from an alleged nuisance which the plaintiffs claimed was occasioned by the defendant's operation of a supermarket adjacent to their *703 property. Specifically, plaintiffs complained of excessive noises created by air conditioning units adjacent to their property and from the deliveries of foodstuffs to and collection of garbage from defendant's store during early morning hours. Plaintiffs also charged that offensive odors resulted from decayed vegetable and other deleterious matters lying about or on the defendant's property.
The chancellor entered an order permanently enjoining the defendant from having trucks make pickups from or deliveries to its property prior to 8:00 a.m., requiring the air conditioning units to be soundproofed so as not to disturb the plaintiffs in the use and occupancy of their home, and awarding damages in the sum of $7,500.
The defendant, appellant here, contends that the evidence did not sustain the finding that the noises were excessive; that the conditions complained of were not such as to indicate an unreasonable use of the premises for the purposes intended; and that the amount of damages was not sustainable upon the evidence submitted, both as to the fact and as to the amount.
The appellees' property is directly behind the appellant's store with a seven-foot wall separating the two properties. The appellant's store was constructed some two years prior to the institution of this action, but at a time subsequent to the appellees' purchase of their home. Several neighbors of the appellees testified as to the noises and disturbance in connection with the delivery of produce and other products as well as to the collection of garbage.
The sole question, insofar as the injunctive relief granted is concerned, revolves around whether or not the use made of its property by the appellant was reasonable under the circumstances. Included in this question is a determination of whether the annoyance and disturbances complained of have resulted in injury to a legal right of the appellees. Mere disturbance and annoyance as such do not in themselves necessarily give rise to an invasion of a legal right. City of Lakeland v. State, 143 Fla. 761, 197 So. 470; Beckman v. Marshall, Fla. 1956, 85 So.2d 552; and see McClosky v. Martin, Fla. 1951, 56 So.2d 916. We have reviewed the testimony and conclude there was substantial evidence to warrant injunctive relief. However, in considering the injunction entered by the chancellor, we note that it is all-inclusive, and conclude that it is too broad in scope. In Florio v. State, Fla.App. 1960, 119 So.2d 305, 310, the Second District Court of Appeal said:
"An injunctive order should never be broader than is necessary to secure to the injured party, without injustice to the adversary, relief warranted by the circumstances of the particular case. Moore v. City Dry Cleaners & Laundry, Fla. 1949, 41 So.2d 865; and Seaboard Rendering Co. v. Conlon, 1942, 152 Fla. 723, 12 So.2d 882. An injunctive order should be adequately particularized, especially where some activities may be permissible and proper. Moore v. City Dry Cleaners & Laundry, supra. Such an order should be confined within reasonable limitations and phrased in such language that it can with definiteness be complied with, and one against whom the order is directed should not be left in doubt as to what he is required to do. Pizio v. Babcock, Fla. 1954, 76 So.2d 654."
The injunctive decree rendered by the chancellor prohibits delivery trucks from picking up and delivering products to the appellant's place of business prior to 8:00 a.m., and likewise prohibits the removal of garbage and debris prior to that hour. This provision of the injunction we think is too restrictive as against the complaints of annoyance and disturbance made by appellees, that is to say, that their principal source of annoyance and complaint resulted from the alleged actions of the appellant in having deliveries and pickups at the rear of its property prior to 8:00 a.m., *704 whereas, under the terms of the injunction, all deliveries and pickups are prohibited from not only the rear of the premises of the appellant, but also from the front and all other areas, including the rear. The injunction further purports to require the appellant to soundproof, or otherwise correct, the air conditioning system so as to eliminate excessive noises and vibration, but the evidence fails to demonstrate that the noises and vibrations could be eliminated by soundproofing or otherwise. Likewise, this provision of the injunction fails to demonstrate the basis or standard with which the appellant should be required to adhere, but leaves the determination to the appellees and their family.
As to the question of damages, we conclude that the chancellor was in error in making the award. In the plaintiffs' complaint, they alleged that the property upon which the defendant's supermarket is located was, by a special variance permit, changed from a residential area to a business area, and from that point, they delineate acts of the defendant in the use of the property which allegedly constituted a nuisance. The complaint concludes with a request for the assessment of damages for depreciation to plaintiffs' property "as a result of the defendant's construction of its building within a residential area." If, as we have concluded, the chancellor was correct in awarding injunctive relief and in effect abating the nuisance allegedly created through the defendant's use of its property, it would not follow as a matter of law that the plaintiffs would be entitled to damages in the form of depreciated value of their property. This is so for the reason that the allowance of damages measured in terms of depreciation in value of the land and improvements would be an award of compensation for future harm. Future harm in this instance is nullified by the abatement of the nuisance through the injunctive processes of the court. Consequently, the plaintiffs would have been, subject to appropriate allegations and proof, entitled to the loss of the use value of their property during the period of the nuisance. See Ford v. Dania Lumber & Supply Co., Inc., 150 Fla. 435, 7 So.2d 594, 595; 39 Am.Jur., Nuisance, § 130, et seq.
The allegations of the complaint here clearly demonstrate that the plaintiffs proceeded upon the theory that defendant's acts caused a depreciation in the value of their property but their proof established a nuisance, temporary in character, occasioned by use. The award of damages was totally lacking in proof under either theory and absent such proof, cannot be sustained.
Finding as we do that there was basis for the chancellor's granting of injunctive relief, we nevertheless conclude that the injunction granted should be modified to the extent that the prohibition against delivery and pickup by trucks of merchandise, as well as garbage and debris, should be confined to the area of the building adjacent to the appellees' property, and not a prohibition against delivery and pickup from the front of the store or other areas that may be available to the appellant and would not unreasonably annoy and disturb the appellees. Also, the injunction should be modified in its provisions dealing with operation of the air conditioning system to conform to the requirements of such an injunction as set out in the above quoted portions of the opinion in Florio v. State, supra. In considering the necessary modifications, the chancellor may, if he desires, take additional testimony to determine what could or should be done by the appellant to eliminate any excessive noises that may be occasioned by operation of the air conditioning system.
Accordingly, this cause is affirmed in part, reversed in part, and remanded for the entry of an amended decree not inconsistent with the views expressed herein.
Affirmed in part, reversed in part and remanded.
PEARSON and CARROLL, CHAS, JJ., concur.

On Petition For Rehearing Granted
*705 PER CURIAM.
The appellees' petition for rehearing, insofar as it related to the allowance and elements of damages, was granted.
After hearing oral argument of counsel for both parties, the court is of the view that the issues as made by the pleadings and supported by the evidence adduced did not encompass or include damages for personal inconvenience and discomfort to the appellees. Such damages are special in nature and are required to be specially stated. See Rule 1.9(g), Florida Rules of Civil Procedure, 30 F.S.A.; 39 Am.Jur., Nuisances, § 136.
The appellees' complaint prayed for damages for depreciation in value of their property; nevertheless, under the allegations of their pleadings, they would have been entitled to damages for loss of use of their property. Since every complaint is considered to pray for general relief, we conclude that damages for loss of use are such as would reasonably be expected to flow from the alleged actions of the appellant. Upon a remand of this cause, the scope of damages for loss of use should, however, be limited to that loss occasioned by the excessive noise and annoyance resulting from appellant's operations and not by the mere proximity of appellant's establishment to appellees' property. Damages are not usually recoverable for noise and annoyance accompanying a reasonable use of property, but only that which constitutes an unreasonable or excessive use. The mere fact that appellees' property would have a depreciated rental value after the establishment of appellant's store would not be a correct measure of damages to apply since its operation was not a nuisance per se, but became a nuisance through excessive and unreasonable use. It is only the damages occasioned by the unreasonable or excessive use which are recoverable.
The cause is remanded for further proceedings as directed in the court's opinion of June 20, 1960, and in this opinion. Except as modified hereinabove, the opinion and judgment of the court of June 20, 1960, is adhered to.
HORTON, C.J., and PEARSON and CARROLL, CHAS., JJ., concur.

On Petition for Clarification
PER CURIAM.
The appellant has petitioned for clarification of this court's decision of July 21, 1960.
As indicated by the decision the cause was remanded to permit the establishment of damages, if any, for loss of use or depreciated rental value of appellees' property. It was this court's intention that upon remand additional evidence could be offered by appellees only as to loss of use or depreciated rental value.
HORTON, C.J., and PEARSON and CARROLL, CHAS., JJ., concur.