138 So.2d 351 (1962)
David A. DAVIS and Ida Davis, His Wife, Appellants,
v.
William LEVIN and Elinore Levin, His Wife, Appellees.
No. 61-486.
District Court of Appeal of Florida. Third District.
March 5, 1962.
Aaron M. Kanner and Richard Kanner, Miami, for appellants.
Marchant, Perkins, Cook & Schenerlein, Miami, for appellees.
Before HORTON and BARKDULL, JJ., and CULLEN, RALPH O., Associate Judge.
HORTON, Judge.
The appellants instituted this action in the trial court to enjoin as an alleged nuisance the operation of an air conditioning system located in an adjoining home owned by the appellees. The appellants complained that *352 excessive noises emanated from the air conditioning equipment.
The chancellor heard the testimony of the appellants and their witness, an expert on acoustics, and considered certain testimony by deposition, and concluded that the operation of the appellees' air conditioning equipment did not constitute a nuisance and consequently refused to grant the injunctive relief prayed. This appeal followed.
The appellants basically contend that the noise created by the operation of the air conditioning equipment was such that it deprived the appellants of the use of portions of their house, interrupted their sleep and contributed to the appellant wife's deteriorating physical condition.
The chancellor found as a conclusion of law and fact that the operation of the air conditioning system did not constitute a nuisance. His legal as well as factual conclusions come to this court with a presumption of correctness and where, as here, his decree is supported by substantial evidence, it is the duty of the appellate court to affirm such decree.
The sole question in an action seeking injunctive relief to abate a nuisance is whether or not the use made of property by the one complained against is reasonable under the circumstances. This question includes also a determination of whether the annoyance and disturbance complained of have resulted in injury to a legal right of the person complaining. Mere disturbance and annoyance as such do not in themselves necessarily give rise to an invasion of a legal right. City of Lakeland v. State, 143 Fla. 761, 197 So. 470; Beckman v. Marshall, Fla. 1956, 85 So.2d 552; and see also McClosky v. Martin, Fla. 1951, 56 So.2d 916 and A. & P. Food Stores, Inc. v. Kornstein, Fla.App. 1960, 121 So.2d 701, 703.
Concluding as we have that the chancellor's decree is without error, it follows that the same should be and is hereby affirmed.
Affirmed.