246 So.2d 126 (1971)
A1A MOBILE HOME PARK, INC., a Missouri Corporation Qualified to Do Business in Florida, Appellant,
v.
BREVARD COUNTY, a Political Subdivision of the State of Florida, Appellee.
No. 70-648.
District Court of Appeal of Florida, Fourth District.
March 26, 1971.
S.L. Holland, Jr., and Richard H. Miller, of Crofton, Holland & Starling, Titusville, for appellant.
Robert L. Nabors, of Goshorn, Stahley & Nabors, Titusville, for appellee.
MAGER, Judge.
This is an appeal by A1A Mobile Home Park, Inc., plaintiff-appellant, from a final judgment on the pleadings entered in favor of Brevard County, defendant-appellee.
*127 Plaintiff filed a complaint seeking the issuance of a permanent injunction restraining defendant from proceeding further with the construction of a sewage treatment plant and restraining defendant from operating said plant. The complaint alleged, in part, that the sewage plant was being constructed within 50 feet of plaintiff's mobile home park; that prior to the commencement of construction agents of defendant assured plaintiff "that the operating facilities of the sewage treatment plant were to be far removed from Plaintiff's land," and further assured Plaintiff "there would be no odor or noise from the operation of the plant"; that plaintiff had "been advised by a sewage treatment plant engineer that the plant will in fact be noisy and undoubtedly have some odor"; plaintiff further alleged that the location of the sewage treatment plant in such close proximity to plaintiff's mobile home park caused the park residents to move away and caused other residents to give notice of their intention to vacate plaintiff's park thereby causing plaintiff "incalculable financial loss and depreciation in value of its land" for which plaintiff concluded it had "no adequate remedy at law for the harm done and threatened to be done".
In support of its position plaintiff alleged that the location of the sewage plant was in violation of Section 1.06 of the Sewerage Guide promulgated by the State Board of Health pursuant to Rule 17-6.02, Florida Administrative Code, relating to the site selection of sewage treatment plants; and in violation of defendant's zoning regulations, the area in question being zoned for general use as distinguished from industrial use.
The defendant filed its answer admitting, in part, the proximity of the location of the plant and the assurances therefor, but specifically denying the assurance that "there would be no odor or noise from the operation of the plant". Defendant's answer asserted that the plant in question was substantially completed and would be ready for operation on July 1, 1970. Defendant's answer also raised the affirmative defense of laches asserting that construction of the plant began on July 15, 1969, yet the complaint in question was not filed until June of 1970.[1] Defendant moved for entry of judgment on the pleadings on the ground "that there is no issue of any material fact in the pleadings, and that the defendant is entitled to a judgment as a matter of law".
From our review of the complaint and answer in light of the general principles applicable to the granting of a motion for judgment or decree on the pleadings, we are of the opinion that the trial court erred in granting such judgment. In 25 Fla.Jur., Pleading, §§ 128, 129, it is stated:
"* * * A motion for judgment on the pleadings is similar to a motion to dismiss in its scope and purpose. Like the latter motion, it raises only questions of law arising out of the pleadings. And in determining whether a cause of action is stated on a motion for judgment on the pleadings, the same tests are applied as in the case of a motion to dismiss.
"* * *
"The real question in determining the right of a party to a judgment on the pleadings is the sufficiency of the admitted facts to warrant the judgment rendered and the materiality of those on which issue is joined. And a motion for judgment on the pleadings should be sustained when the moving party would be entitled to judgment on the merits without regard to what the findings may be on the facts on which issue is joined. Indeed, a motion for judgment on the *128 pleadings must be sustained by the undisputed facts appearing in all the pleadings, supplemented by any facts of which the court will take judicial notice. Thus, a motion for judgment on the pleadings in favor of the plaintiff should not be granted where the answer raises issues of fact for the court's determination.

"As in the case of a motion to dismiss for failure to state a cause of action in a motion for judgment on the pleadings the movant is deemed to have admitted, for the purposes of the motion only, all facts well pleaded by his adversary. This is so notwithstanding that he has denied those facts in his responsive pleading. He is also regarded as having admitted the falsity of any allegations in his own pleading that have been denied by his adversary. In other words, for the purposes of the motion, all well pleaded material allegations of the opposing parties' pleadings are to be taken as true, and all allegations of the moving party that have been denied are taken as false. Conclusions of law are not deemed admitted.
"Judgment on the pleadings may be granted only if, on the facts admitted, the moving party is clearly entitled to judgment. A defendant may not obtain a judgment on the pleadings on the basis of the allegations in his answer, where no reply is required, since these allegations are deemed denied; nor may a defendant move on the basis of insufficient denial of the allegations of his answer in a plaintiff's reply, where the reply was not required or ordered by the court." (Emphasis added.)
See also Paradise Pools v. Genauer, Fla. App. 1958, 104 So.2d 860. Questions of fact remaining unresolved, which if proven and substantiated may afford the plaintiff relief, are whether the operation of the plant in question will in fact produce odors or noise, as alleged by the plaintiff (and admitted by defendant for the purposes of its motion) based upon advice of a sewage treatment plant engineer notwithstanding that the operation of the plant has not commenced; whether the location and the site selected alleged by plaintiff to be "needless and unwarranted" is supported by good and satisfactory evidence of the adequacy of the design so as to negate the probability of odor or noise.[2]
In Lewis v. Peters, Fla. 1953, 66 So.2d 489, 492, the Supreme Court, in discussing one of the functions of injunction, observed, in part, as follows:
"One of the most valuable phases of injunctions is to prevent an injury from occurring and not to be forced to wait until after the damage is done and then attempt to seek redress for the same." [citations omitted]
In Davis v. Wilson, 1939, 139 Fla. 698, 190 So. 716, the Supreme Court additionally observed, in part:
"To make out a case for an injunction, it must appear that there is at least a reasonable probability, not a bare possibility, that a real injury will occur if the writ is not granted. Ruge v. Apalachicola Oyster Canning & Fish Co., 25 Fla. 656, 6 So. 489."
Until the critical disputed questions of fact are resolved it is difficult to conclude on the face of the pleadings that "bare *129 possibility" as distinguished from "reasonable probability" exists.
Although a sewage treatment plant is not a nuisance per se, City of Lakeland v. State, 1940, 143 Fla. 761, 197 So. 470, evidence of its location and operation as alleged by plaintiff (and deemed admitted by defendant), i.e., location within 50 feet of plaintiff's property; production of odors and noise may create a nuisance of such character as to support a showing of irreparable injury entitling the plaintiff to relief. These allegations raise issues of fact which, in our opinion, would preclude entry of judgment on the pleadings.[3]
In Larsen v. Village of Lava Hot Springs, 1964, 88 Idaho 64, 396 P.2d 471, 475, 476, the court in recognizing the holding in the Lakeland case, supra, observed, in part:
"Nothing which is legal in its inception is a nuisance per se. To be a nuisance per se, it must appear that it is a nuisance at all times under all circumstances, regardless of location and surroundings. [citation omitted]. The location and the manner of operation of a sewage disposal plant will determine whether it is a nuisance in fact. [citations omitted].
"An injunction may issue to restrain a threatened or anticipated nuisance when it clearly appears that a nuisance will necessarily result from the contemplated act or thing sought to be enjoined. [citations omitted]."
See also Jones v. Knox County, 1959, 205 Tenn. 561, 327 S.W.2d 473.[4]
In the case sub judice there are no findings of fact from which it can be determined that the operation of the sewage plant will constitute a nuisance in fact. It may well be that the evidence will support the defendant's position.[5] We are of the opinion, however, that based upon the posture of the pleadings defendant was not as a matter of law entitled to a judgment thereon.
Although we reverse on the general principles applicable to the entry of judgment on the pleadings, we nevertheless sustain the contentions of the defendant with respect to the proposition that the construction and operation of a sewage disposal system is governmental, as distinguished from a proprietary, function. See Nichols Engr. & Research Corp. v. State, Fla. 1952, 59 So.2d 874; Register v. H. Burton Elliott, Inc., Del. 1967, 229 A.2d 488; Nehrbas v. Incorporated Village of Lloyd Harbor, 1957, 2 N.Y.2d 190, 159 N.Y.S.2d 145, 140 N.E.2d 241; Kedroff v. Town of Springfield, Vt. 1969, 256 A.2d 457; Pruett v. Dayton, 1961, 39 Del. Ch. 537, 168 A.2d 543.
We feel that the observations made by the Supreme Court of Delaware in the Register case, supra, and the New York Appellate Court in the Nehrbas case, supra, are indeed pertinent. In Register, the court stated:
"Disposal of sewage is intimately connected with the public health. See *130 Pruett v. Dayton, 39 Del. Ch. 537, 168 A.2d 543. Activities connected with public health are normally categorized as governmental activities. See Hutchinson v. City of Lakewood, 125 Ohio St. 100, 180 N.E. 643, 646. Sewer facilities confer a special benefit upon the communities which they serve, since communities would be adversely affected by malodorous, unslightly and unhealthy accumulation of matter which is disposed of by use of sewers. In a larger sense, an entire region is the beneficiary. The nefarious by-products of filth do not respect municipal boundaries; disease and pollution are quite properly matters of State concern."
In Nehrbas the court said:
"In the very nature of things, a municipality must have the power to select the site of buildings or other structures for the performance of its governmental duties. Accordingly, it necessarily follows, a village is not subject to zoning restrictions in the performance of its governmental, as distinguished from its corporate or proprietary, activities. * * *"
"* * *
"* * * Nor may the disposition of refuse and rubbish be placed in a different classification and treated as nongovernmental. Under present conditions, the continued well-being and health of the community and its inhabitants, as well indeed of those in nearby sections, demand that garbage be removed. The necessity creates the duty, and it is incumbent upon the municipality to assure its collection and disposal. Whatever the view may have been years ago, see, e.g. Oeters v. City of New York, 270 N.Y. 364, 1 N.E.2d 466; O'Brien v. Town of Greenburgh, 239 App.Div. 555, 268 N.Y.S. 173, affirmed on other grounds 266 N.Y. 582, 195 N.E. 210, such an activity must today be stamped a governmental function. * * *" (Emphasis supplied.)
Furthermore, examination of the applicable provisions of Chapter 153, relating to water and sewer systems, Chapter 403, relating to pollution control, and Chapter 10D-6.01 and 17-6, Florida Administrative Code, reflect a legislative mandate and an overall state policy encouraging the establishment of sewer systems in order to prevent, abate and control those activities which would cause pollution or would be detrimental to human, animal, aquatic or plant life. Activities by a governmental entity in furtherance of such policy are deemed in our opinion therefore to be "governmental activities".
In the Kedroff case, supra, the Supreme Court of Vermont observed, in part, at page 461 of 256 A.2d:
"Whether a particular act involves a proprietary or governmental function is a matter not always easy of determination. Under present conditions, the continued well-being and health of a community and its inhabitants, as well indeed of those in nearby sections demand that sewage be properly disposed of. This creates a duty upon a municipality to assure such action.
"Quoting from 37 Am.Jur. Municipal Corporations, section 114, pages 727 and 728, `Governmental functions of a municipal corporation are those conferred or imposed upon it as a local agency, to be exercised not only in the interest of its inhabitants, but also in the advancement of the public good or welfare as affecting the public generally.' * * * `The distinction between acts in the performance of a governmental function and those in the performance of a corporate or proprietary function is that in the case of the former, the municipal corporation is executing the legislative mandate with respect to the public duty generally, while in the other, it is exercising *131 its private rights as a corporate body.'"
We also sustain the defendant's contention that in the performance of a governmental activity a governmental entity is not subject to its own zoning restrictions. Nichols Engr. & Research Corp. v. State, supra; see also Nehrbas v. Incorporated Village of Lloyd Harbor, supra; County of Westchester v. Village of Mamaroneck, (Sup.Ct., App.Div., 1964), 22 A.D.2d 143, 255 N.Y.S.2d 290; Pruett v. Dayton, supra; Kedroff v. Town of Springfield, supra; and Jones v. Knox County, supra.
In summary we conclude that the operation of a sewage disposal or treatment plant is not a nuisance per se; that such activity is deemed to be a governmental activity; and in the performance of such activity a governmental body need not comply with its own zoning ordinances. Nevertheless, the pleadings reflect matters of fact which would preclude the entry of a judgment on the pleadings which matters, if proven, may entitle plaintiff to relief irrespective of whether the activity is governmental in nature and irrespective of the absence of any necessity to comply with applicable zoning ordinances.
Our opinion should not be construed as passing upon the question of whether plaintiff is entitled to injunctive relief as this matter is solely within the sound discretion of the trial court, our conclusions herein being based primarily upon our analysis of the applicable principles relating to the entry of judgments on the pleadings.
Accordingly, the decision of the trial court is reversed.
Reversed.
CROSS, C.J., and WALDEN, J., concur.
NOTES
[1] There is a serious question regarding the application of the doctrine of laches which, if proven, may bar injunctive relief. However, such a defense would not support a judgment on the pleadings inasmuch as this allegation would be deemed to be denied. Since the final judgment is silent as to the weight given to the defense of laches we must presume that such defense was rejected although undoubtedly this defense raises issues of fact for the court's determination.
[2] Section 1.06 of the Sewerage Guide, which from its wording we deem to be permissive in nature, suggests that "sewerage treatment plants be located not closer than 300 feet, and preferably more distant, from inhabited buildings." Yet notwithstanding such permissive application Section 3 of the Foreward to such Guide while recognizing such permissiveness, specifically states:

"* * * However it shall be the responsibility of the designer to present good and satisfactory evidence of the adequacy of his design in cases where the recommended policy is not followed".
[3] See General Annotation Nuisance  Sewage Disposal Plant, 40 A.L.R.2d 1177 et seq.
[4] In an early Oklahoma decision in Town of Rush Springs v. Bentley, 1919, 75 Okla. 119, 182 P. 664, the court permitted the entry of an injunction against a proposed sewage disposal plant where there had been findings of fact made by the trial court that proposed construction would result in the emission of obnoxious odors and that the improvement, when completed and operated, would be a nuisance.
[5] Even though a sewage disposal plant is not a nuisance per se, and even if it becomes a nuisance it would not necessarily follow that such nuisance is permanent or that its operation may be permanently enjoined. But even before making such a determination it would appear that further evidence is necessary based upon the disputed questions of fact contained in the pleadings sub judice.