HOBSON, Judge.
Appellee, plaintiff below, brought suit against appellant alleging that the negligence of appellant caused a sewer back-up which flooded appellee’s property, causing property damage. Appellant answered and as an affirmative defense claimed immunity as the operation of a sewer system is a governmental function. On motion by *413 appellee, the lower court struck this affirmative defense. Subsequently, a partial summary judgment on liability was entered in favor of appellee.
Appellant brings this interlocutory appeal challenging the entry of the partial summary judgment on liability and also assigns as error the striking of its affirmative defense of immunity.
It is the well settled law in the State of Florida that the construction and operation of a sewage disposal system is a governmental function. In Buchanan v. City of Miami, Fla. 1950, 49 So.2d 336, our Supreme Court held:
“The appellant concedes that the construction and operation of such a disposal system is a governmental function; certain it is that the health of a community may be safeguarded by the proper treatment of sewage.”
The holding in Buchanan, supra, was followed in a well-reasoned opinion by our sister court in A1A Mobile Home Park, Inc. v. Brevard County, Fla.App.1971, 246 So.2d 126.
A municipality is liable for its negligence under the doctrine of respondeat superior when such negligence is committed by its agent or employee in the performance or non-performance of a duty within the scope of a governmental function only when such tort is committed against one with whom the agent or employee is in privity or with whom he is dealing or is otherwise in contact in a direct transaction or confrontation. See City of Tampa v. Davis, Fla.App. 1969, 226 So.2d 450.
An examination of the record reveals that the alleged negligence of the appellant was not committed against one with whom the agent or employee is in privity or with whom he is dealing or is otherwise in contact in a direct transaction or confrontation. Therefore, we hold that the trial court erred in striking appellant’s affirmative defense.
We do not direct the trial court to enter judgment for the appellant in view of the fact that at this stage of the proceedings the appellee may be able to allege and prove facts to overcome appellant’s affirmative defense of immunity.
Reversed and remanded.
PIERCE, C. J., and LILES, J., concur.