281 So.2d 549 (1973)
Willie Lee MOORE, Appellant,
v.
CITY OF ST. PETERSBURG, Appellee.
No. 72-238.
District Court of Appeal of Florida, Second District.
April 11, 1973.
Rehearing Denied September 14, 1973.
*550 I.W. Williams, Minnis & Williams, St. Petersburg, for appellant.
B. Edwin Johnson, Asst. City Atty., St. Petersburg, for appellee.
PIERCE, (Ret.), Judge.
The plaintiff Moore has appealed a final judgment entered in a negligence action for defendant City of St. Petersburg notwithstanding the jury verdict in favor of Moore. The City has cross-assigned as error the court's failure to direct a verdict in its favor on the ground that the evidence failed to establish a direct transaction or confrontation between Moore and the City or any of its agents or employees regarding the operation of a governmental function.
Moore filed suit in the lower Court for injuries sustained when he fell in a sink hole located in an alley behind his home, alleging among other things that the City owned and maintained a system of sewers for the City and was duty bound to supervise, maintain and keep said sewer system in good and proper repair; that the City for a period of time prior to the accident "negligently and carelessly permitted and allowed the sewer line to fall into a state of disrepair; that the sewer line as a result of a leakage in same caused an erosion of the earth which led to a cave-in. That said cave-in occurred next to the Plaintiff's property where his garbage cans were located" and that Plaintiff "fell into the heretofore mentioned caved-in sewer area, causing injuries."
The only affirmative defenses raised by the City were (1) sole proximate cause and (2) assumption of risk. It did not raise governmental immunity as an affirmative defense, nor did it amend its pleadings at any point to raise such defense. However, at the close of the plaintiff's case the City moved for a directed verdict on the ground of governmental immunity.
The lower Court based its order granting the motion for judgment in accordance with the motion for directed verdict on the ground that Moore did not produce competent evidence to establish that the City was placed on actual notice of the alleged defect or that the alleged defect existed for such a long period of time that the City would have had constructive notice thereof.
Even if the appellant had produced competent evidence of actual or constructive notice to the City, the motion for directed verdict should have been granted on another ground. A correct decision can be supported on grounds other than those assigned by the lower Court. Matthews v. Matthews, Fla.App. 1965, 177 So.2d 497; Matthews v. City of Tampa, Fla.App. 1969, 227 So.2d 211.
Governmental immunity is not an affirmative defense, but is jurisdictional and may be raised at any time. Schmauss v. Snoll, Fla.App. 1971, 245 So.2d 112.
It is well settled that the construction and operation of a sewage disposal system is a governmental function, Buchanan v. City of Miami, Fla. 1950, 49 So.2d 336; AIA Mobile Home Park, Inc. v. Brevard County, Fla.App. 1971, 246 So.2d 126; Town of Largo v. L & S Bait Company of Tampa, Fla.App. 1972, 256 So.2d 412, as opposed to a "corporate or proprietary" function, such as street and sidewalk maintenance.
*551 There was no evidence of privity between the plaintiff and the employees of the sewer department of the city, nor of a special duty owed to plaintiff. The City cannot be held liable when its agents or employees commit a tort in the performance of a governmental function, if there was no direct transaction or confrontation between the one against whom the tort was committed and the agent or employee. City of Tampa v. Davis, Fla.App. 1969, 226 So.2d 450; Mathews v. City of Tampa, supra.
The judgment appealed is, therefore
Affirmed.
LILES, A.C.J., and McNULTY, J., concur.