**Bertie Graves CAMPBELL, Plaintiff-in-Error,**

v.

**CITY OF KNOXVILLE, Defendant-in-error.**

Supreme Court of Tennessee.

Feb. 19, 1974.

Sidney W. Gilreath, Gilreath, Carpenter, Rowland, O'Connor & Pryor, Knoxville, for plaintiff in error.

John A. McReynolds, Lee & McReynolds, Knoxville, for defendant in error.

## OPINION

CHATTIN, Justice.

We will refer to the parties as they appeared in the trial court; that is, Bertie Graves Campbell as plaintiff and the City of Knoxville as defendant.

Plaintiff sued the defendant for damages resulting from an injury and death of her husband, Robert Campbell.

Her husband was employed at the Third Creek Sewage Plant in Knoxville at the time of the accident. The plant, at the

time of the accident, was maintained and operated by the defendant.

During the early morning hours of May 30, 1972, a sewage pump at the Plant blew out at a valve chamber, causing plaintiff's husband to be covered with raw sewage which had not received biological treatment. He swallowed and inhaled some of the raw sewage which resulted in his death.

Defendant filed a motion to dismiss the complaint, alleging the complaint failed to state a claim against the defendant upon which relief could be granted in that the operation and maintenance of the sewage plant was a governmental function.

The motion was sustained by the trial judge and the suit dismissed.

Plaintiff has perfected an appeal to this Court and has assigned as error the action of the trial judge in holding the operation and maintenance of the sewage plant by defendant was a governmental and not a proprietary function.

■ For many years the courts of this State have followed the common law approach to municipal liability in holding a municipality is liable in tort if acting in a private or proprietary capacity and is immune from suit in tort if acting in its governmental capacity. City of Nashville v. Burns, 131 Tenn. 281, 174 S.W. 1111 (1915); Johnson v. City of Jackson, 194 Tenn. 20, 250 S.W.2d 1 (1952); Vaughn v. City of Alcoa, 194 Tenn. 449, 251 S.W.2d 304 (1952); City of Kingsport v. Lane, 35 Tenn.App. 183, 243 S.W.2d 289 (1951).

■ Additionally, the performance of the governmental function will not shield a municipality from suit if the operation creates a nuisance. City of Knoxville v. Glasing, 111 Tenn. 134, 76 S.W. 814 (1903); Jones v. Knox County, 205 Tenn. 561, 327 S.W.2d 473 (1959).

This Court has held the operation of water and electrical systems by municipalities

is a proprietary function. Saulman v. Mayor and City Council of Nashville, 131 Tenn. 427, 175 S.W. 532 (1915); Williams v. Town of Morristown, 32 Tenn.App. 274, 222 S.W.2d 607 (1949) modified 189 Tenn. 124, 222 S.W.2d 615 (1949). Counsel for plaintiff relies strongly on these cases arguing that "the maintenance and operation of the sewage system and the necessary disposal facilities cannot logically be differentiated in type from the character of the operation and maintenance of water and electric systems."

■ We disagree. We think it can logically be concluded that the operation of a sewage plant is a governmental rather than a proprietary function. In the case of Williams v. Town of Morristown, supra, the court said:

"To define specifically the terms 'governmental capacity' and 'proprietary capacity' is impossible. Wherefore, each case must be decided upon its own facts. The purpose and character of the undertaking and the method of its operation, determine whether it is public or private."

We think, unlike other public utility systems, which indirectly contribute to the protection of the public health but primarily provide a public convenience, the primary purpose for the existence of a sewage plant is for the protection of the public health.

"The establishment and maintenance of a sewer system by a city is ordinarily regarded as an exercise of its police power. McQuillian, Sec. 1545. 'The construction of a sewer is the exercise of the police power for the health and cleanliness of the municipality—.'" Patterson v. City of Chattanooga, 192 Tenn. 267, 241 S.W.2d 291 (1950); Warren v. Bradley, 39 Tenn.App. 451, 284 S.W.2d 698 (1955); Verran v. Town of Greeneville, 4 Tenn.App. 422 (1927).

Such facilities are an absolute necessity in modern society. We must conclude the

trial judge properly held the City was acting in a governmental capacity in maintaining and operating the sewage plant.

The judgment of the trial judge is affirmed. Plaintiff will pay the costs.

DYER, C. J., McCANLESS and FONES, JJ., and LEECH, Special Justice, concur.