WEHLE, VICTOR O., Associate Judge.
This is an appeal from a final decree permanently enjoining the defendant from leasing the “out-buildings” on her property as dwelling houses, and from permitting more than one family to live on such property in violation of the provisions of Zoning *608 Ordinance No. 13 of the Town of Manal-apan.
The defendant in this case is the owner of a parcel of land 79 feet wide and 340 feet deep in the Town of Manalapan, Florida. The defendant’s property extends from the Atlantic Ocean to the Inland Waterway, and is divided approximately in half by Highway A1A. The depth of the property is 208 feet east of A1A and 132 feet west of A1A.
In 1948 the defendant’s mother, who later conveyed the property to the defendant, erected a “beach house” on the east side of Highway A1A. This house is a complete unit with bedroom, bathroom and kitchen, and has all the necessary living facilities. This dwelling has been rented to tenants each winter by the defendant or her mother since it was constructed.
The ordinance in existence at the time this building was erected read:
“In Residence District ‘A’ no building or other structure shall be erected upon any lot or parcel of land other than a dwelling house for the use and occupancy of one family only, and a suitable garage or other outbuilding for use only in connection therewith, and no such outbuilding shall be designed, constructed or used as a dwelling,”
In 1950, the defendant’s mother constructed a “study” on the property in question west of Highway A1A. The “study” is also a complete unit with kitchen, living and sanitary facilities. This structure was built for use by the defendant’s father, but he became ill and the property was rented to tenants other than those occupying the “beach house.”
On May 8, 1952, the Town of Manalapan adopted a new zoning ordinance which repealed the above quoted ordinance. This ordinance was adopted pursuant to the procedures prescribed by Chapter 176, Florida Statutes. The restrictions on the use of the land were verbatim to the language contained in the earlier ordinance. In addition, another clause not a part of the original ordinance was enacted, which reads:
“ * * * No such dwelling house shall be erected upon a lot or parcel of land which has a frontage of less than (70) feet on Highway A1A, or upon a lot or parcel of land not extending the width of the island from the Atlantic Ocean to Lake Worth.”
In 1953 the defendant purchased the property in question from her mother and at that time both the “beach house” and the “study” were being rented to separate tenants.
In 1957 the defendant’s mother appeared before the Town Council, on behalf of her daughter for permission to make an addition to the “beach house”; however, they granted an exception to the ordinance, and allowed her to erect a “lake house” on the west side of A1A. The minutes of the meeting of the Town Council recite that permission was granted on condition that “the owner of such property will never lease out either of said residences separate from the other one.”
The evidence is conflicting as to whether the defendant or her mother, acting in her behalf, had actual knowledge of this condition. The building permit issued by the municipality made no reference to this condition, and it appears that neither the defendant or her mother were present at the meeting, but there is evidence that the defendant’s mother was advised that her daughter could not rent the “lake house” and “beach house” to different individuals at the same time.
The “lake house,” the “beach house” and the “study” were at the time of the institution of the suit rented to different tenants. At the trial, the defendant conceded that it was improper to rent both the “lake house” and the “study” to different tenants, but vigorously contended that she had the right to rent the “lake house” and the “beach house” to different tenants.
*609 The only question we have to decide on this appeal is whether the zoning ordinance is unconstitutional for being arbitrary and discriminatory as it applies to defendant’s property.
This Court in following numerous decisions of this and other Florida Courts has ruled that the legislative intent will be sustained if the validity of a zoning ordinance is fairly debatable and that the Court may not substitute its judgment for that of the legislative body in adopting such a zoning ordinance. See Blank v. Town of Lake Clarke Shores, Fla.App.1964, 161 So.2d 683. The zoning ordinance herein sought to be enforced is in its general application constitutional and valid. However, in its specific application to the appellant’s property, we find that it is clearly arbitrary and unreasonable. Highway A1A is built on a crest running north and south on the island. Proceeding west on appellant’s property from A1A, there is an immediate drop in elevation of more than 14 feet. As a result, the road and crest are in effect a barrier between the two pieces of property and render them incapable of being used as a unit. They are in essence two separate non-contiguous lots facing two separate bodies of water effectively divided by the Highway and elevated ridge. The provisions of the zoning ordinance as applied to the locus in question are clearly arbitrary and unreasonable and have no substantial relation to the public health, safety, morals, or general welfare. A concrete application of the provisions of the ordinance to the premises of the appellant amounts to an unconstitutional, arbitrary, and unreasonable exercise of legislative power. See State ex rel. Helseth v. Du Bose, 1930, 99 Fla. 812, 128 So. 4, and Forde v. City of Miami Beach, 1941, 146 Fla. 676, 1 So.2d 642.
We have considered the remaining points presented on this appeal and find it unnecessary to discuss them.
Reversed.
SHANNON, Acting C. J., and WHITE, J., concur.