QUESTION: May the City of Maitland exercise the power of eminent domain outside its municipal boundaries for the purpose of acquiring land for a public park?
SUMMARY: Pursuant to its municipal charter, the City of Maitland may exercise the power of eminent domain outside its municipal boundaries for the purpose of acquiring land for a public park. Article VIII, s. 2(c), State Const., provides that Municipal annexation of unincorporated territory, merger of municipalities, and exercise of extraterritorial powers by municipalities shall be as provided by general or special law. (Emphasis supplied.) See also s. 166.021(3)(a), F.S., of the Municipal Home Rule Powers Act, which stipulates that municipalities may not legislate concerning the subjects of "annexation, merger, and exercise of extraterritorial power, which require general or special law pursuant to s. 2(c), Art. VIII of the State Constitution." (Emphasis supplied.) Consistent with these constitutional and statutory provisions, therefore, a municipality may exercise the power of eminent domain extraterritorially only if authorized to do so by general or special law. In this regard, s. 34, Ch. 59-1475, Laws of Florida, provides in pertinent part as follows: The City of Maitland shall have power: * * * * * (2) Acquire and lease property. To acquire by purchase, gift, devise, condemnation or otherwise, property, real or personal or any estate therein, within or without the city to be used for . . . public parks. . . . (Emphasis supplied.) This special law provision appears to constitute the legislative authority necessary for the City of Maitland to condemn real property outside its boundaries for park purposes. Cf. Romero v. City of Pensacola, 214 So.2d 88 (1 D.C.A. Fla., 1968); AGO 073-243. Moreover, I am of the opinion that this provision remains in the charter of the City of Maitland, since, within the context of s. 166.021(4), F.S., it "affect[s] the exercise of extraterritorial powers." See s. 166.021(4) and (5), id., which, except as provided therein, nullifies and repeals, or converts into ordinances, municipal charter provisions which pertain exclusively to or limit municipal power and jurisdiction. Cf. AGO 073-478. Thus, in answer to your specific inquiry, I am of the opinion that the City of Maitland may exercise the power of eminent domain outside its municipal boundaries for the purpose of acquiring land for a public park. However, it should be noted that, in a recent decision of the District Court of Appeal, Fourth District, it was held that, in the absence of specific legislative authority to the contrary, one governmental unit is bound by the zoning regulations of another governmental unit in the use of its extraterritorial property, purchased or condemned; and that, in the absence of express legislative immunity from zoning, the intruding governmental unit should apply to the host governmental unit's zoning authority for a special exception or for a change in zoning, whichever is appropriate. Orange County v. City of Apopka,299 So.2d 652, 655 (4 D.C.A. Fla., 1974); see also City of Apopka v. Orange County, 299 So.2d 657 (4 D.C.A. Fla., 1974). This decision should be kept in mind when choosing an extraterritorial park location.