310 So.2d 384 (1975)
PALM BEACH COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
TOWN OF PALM BEACH, a Florida Municipal Corporation, Appellee.
No. 74-1013.
District Court of Appeal of Florida, Fourth District.
March 27, 1975.
Alan J. Ciklin, Deputy County Atty., R. William Rutter, Jr., Asst. County Atty. and Michael B. Small, County Atty., West Palm Beach, for appellant.
Arthur G. Wroble and H. David Faust of Burns, Middleton, Farrell & Faust, Palm Beach, for appellee.
*385 MAGER, Judge.
Upon due consideration we are of the opinion, based upon this court's decision in Orange County v. City of Apopka, Fla.App. 1974, 299 So.2d 652, that the trial court correctly determined that Palm Beach County is bound by the zoning regulations of the Town of Palm Beach in the use of County property within the territorial limits of the municipality. We affirm the general proposition of law espoused in Orange County v. City of Apopka, supra, to the effect that one governmental unit is bound by the zoning regulations of another governmental unit where one governmental unit seeks to utilize property within the geographical limits of a different governmental unit without regard to the so called governmental-proprietary distinction; in resolving conflicts between different governmental units the balancing-of-competing interests test is to be applied.
A recognition of the foregoing proposition of law should not be interpreted as a declaration or determination of the precise application of the zoning ordinance to the land in question. We note from the record that the County proposes to use the property in question as an additional oceanfront beach and recreational facility  a meritorious use justifying special consideration.[1] See City of Daytona Beach v. Tona-Rama, Inc., Fla. 1974, 294 So.2d 73. We would hasten to observe, therefore, that the granting of a special exception to the Town's existing zoning ordinance ought to be carefully measured by the significantly important proposed public use and the pertinent judicial decisions bearing upon the applicability of zoning ordinances relating to such public uses. Cf. State ex rel. Helseth v. Du Bose, 99 Fla. 812, 128 So. 4 (1930).
Accordingly, the order under review is affirmed.
WALDEN, J., and MOE, LEROY H., Associate Judge, concur.
NOTES
[1] It is to be noted that the subject property lies within an area zoned C-A Commercial which permits such uses as eating and drinking establishments, hardware stores, barber shops, banks, department stores, churches, hotels, and such accessory uses as off-street parking, single-family dwellings and drive-in service facilities. The use of the property in question as a beach or recreational area would seem to possess no lesser dignity than the current permitted and accessory uses. It is also noted that some of the special exception uses include auto rental lots, service stations and yacht clubs.