332 So.2d 610 (1976)
HILLSBOROUGH ASSOCIATION FOR RETARDED CITIZENS, INC., et al., Petitioners,
v.
CITY OF TEMPLE TERRACE et al., Respondents.
No. 48504.
Supreme Court of Florida.
May 12, 1976.
Rehearing Denied July 8, 1976.
*611 Thomas A. Clark and Thomas J. Roehn, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, for petitioners.
Theodore C. Taub and Robert C. Gibbons, Gibbons, Tucker, McEwen, Smith, Cofer & Taub, Tampa, for respondents.
Robert L. Shevin, Atty. Gen., James D. Whisenand, Deputy Atty. Gen., and Sharyn L. Smith, Asst. Atty. Gen., for amicus curiae.
*612 James G. Mahorner, Tallahassee, for State of Florida Dept. of Health and Rehabilitative Services, amicus curiae.
John W. Bowen, Rowland, Petruska, Bowen & McDonald, Orlando, for The School Bd. of Orange County, Florida, amicus curiae.
ENGLAND, Justice.
The Second District Court of Appeal has certified to us, pursuant to Article V, § 3(b)(3) of the Florida Constitution, a question of great public interest on which it passed in a decision reported at 322 So.2d 571.[1] The question involves the extent to which agencies of the state are subject to municipal zoning ordinances.
The Hillsborough Association for Retarded Citizens, Inc. is a private non-profit corporation under contract with the Division of Retardation of the Department of Health and Rehabilitative Services to provide a respite care center where the guardians of retarded persons can leave their charges for short periods of time. The Association established such a center in a privately-owned house located in an area of the City of Temple Terrace zoned for single family residences, in clear violation of municipal ordinances. It had not sought prior permission to engage in a non-conforming use.
As the district court noted, the issue involved in this case has statewide significance, important intergovernmental consequences, and no clear precedent in this jurisdiction. We have heard oral argument and had the benefit of briefs from the named parties, the Attorney General of Florida, and the Department of Health and Rehabilitative Services.[2] These presentations on the very difficult legal issues involved in this case have been thorough and skillful. Our review of the matter persuades us to adopt the position asserted by the City and adopted by the district court.[3] The opinion authored by Judge Grimes below has also simplified our task, being a craftsmanlike product which has fully explored and evaluated the issues and their legal effects. We cannot improve on his analysis, and it would serve no purpose to rephrase it. We adopt his opinion as our own.
The only point of law urged here which is not addressed in the opinion below is the applicability of our decision in Dickinson v. City of Tallahassee, 325 So.2d 1 (Fla. 1975), adopted after the district court had ruled. In Dickinson we held that the state was immune from a municipal utility tax, in part because Article VII, § 9(a) of the Florida Constitution did not expressly waive the state's sovereign immunity from taxation and in part because the applicable statute did not expressly confer on municipalities the power to impose a utility tax on the state. Sovereign immunity is no guide here as we deal with a zoning power of municipalities which is derived from Article VIII, § 2(b) of the Florida Constitution by way of the *613 Municipal Home Rule Powers Act.[4] This constitutional delegation of municipal authority differentiates Dickinson.
We conceive that the effect of our decision will be that the state will always cooperate with local government when it has decided to achieve an objective by means of a non-conforming use. Except where a specific legislative directive requires a non-conforming use in the particular area, local administrative proceedings will provide the forum in which the competing interests of governmental bodies are weighed.[5]
The procedural circumstances of this case call for a determination by the trial court rather than the local zoning authority, though generally we would expect the courts in the future to defer action until administrative proceedings were completed. For this reason, the decision of the district court is affirmed.
OVERTON, C.J., and ADKINS and SUNDBERG, JJ., concur.
ROBERTS, J., concurs in judgment adopting DCA decision.
NOTES
[1] All parties agree that our review extends to the "decision" of the district court, rather than the question on which it passed. Rupp v. Jackson, 238 So.2d 86 (Fla. 1970).
[2] After oral argument, the School Board of Orange County was granted leave to file a brief as a friend of the Court. The Board argues that the constitutional genesis of school boards differs from that of other state agencies, and that school boards have been granted location powers paramount to local zoning authority. The City of Temple Terrace has controverted these assertions. The issues raised by the school board are not appropriately resolved in this proceeding where it is not a party and no dispute presently exists. For that reason we expressly decline to pass on the applicability of this decision to those agencies.
[3] An ancillary benefit in resolving intergovernmental disputes results from our adoption of the City's view. By requiring state agencies to seek local approval for non-conforming uses, an administrative solution is always present in the form of zoning appeals. In contrast, if the state were not required to seek local approval, the city would always be forced to litigate its disagreement, as happened here. It serves the public's benefit to resolve these controversies in a way which does not mandate the most expensive and least expeditious way of settling intergovernmental disputes.
[4] Section 166.021(4), Fla. Stat. (1973).
[5] See, Note, Governmental Immunity From Local Zoning Ordinances, 84 Harv.L.Rev. 869, 883-885 (1971). Petitioner has raised here its concern that local governments will be able to thwart state policy by refusing to approve zoning for legislative projects. The courts are available, however, to review the balance struck in administrative proceedings. Beyond that, as petitioner states in its brief, "the State of Florida possesses the power to exempt itself from local zoning ordinances."