349 So.2d 683 (1977)
The VILLAGE OF NORTH PALM BEACH, a Florida Municipal Corporation, Appellant,
v.
The SCHOOL BOARD OF PALM BEACH COUNTY, a Corporation, and Walter E. Wadsworth D/B/a Wadsworth and Sabrice Construction, Appellees.
No. 76-1078.
District Court of Appeal of Florida, Fourth District.
August 12, 1977.
Herbert L. Gildan, Nason, Gildan & Yeager, West Palm Beach, for appellant.
Phillip C. Asher, Jackson & Jackson, Palm Beach, for appellees.
CROSS, Judge.
Appellant-plaintiff, The Village of North Palm Beach, a Florida municipal corporation, seeks review by interlocutory appeal of an order denying a temporary injunction entered in favor of appellees-defendants, The School Board of Palm Beach County, et al., in an action to enjoin construction of a library building. We reverse.
This action was initiated by The Village of North Palm Beach seeking to temporarily and permanently enjoin The School Board from constructing a library building on an existing school site, the construction of which allegedly would violate the setback requirements of the village zoning ordinance. After a hearing, the trial court declined to enter a temporary injunction prohibiting the erection of the library building. This appeal then followed.
In cases of governmental disputes as to whether zoning requirements of one governmental body applies to another governmental body when seeking to use land contrary to applicable zoning regulations, the balancing-of-public-interests test (sometimes referred to as the balancing-of-competing-public-interests test), in the absence *684 of statutory authority, allows for the greatest flexibility and fairness in determining the issue. Therefore, we adopt the balancing-of-public-interests test for resolving zoning conflicts between different governmental bodies, and reject the rigid governmental function versus proprietary function test. Orange County v. City of Apopka, 299 So.2d 652 (Fla. 4th DCA 1974).
Since we do so, the order of the trial court is reversed and the cause remanded for further proceedings consistent with the views herein expressed.
Reversed and remanded.
MAGER, J., concurs.
DOWNEY, J., concurs specially.
DOWNEY, Judge, specially concurring.
A governmental agency is immune from municipal zoning only if a statute immunizes the agency from such zoning. City of Temple Terrace v. Hillsborough Ass'n, etc., 322 So.2d 571 (Fla.2d DCA 1975), affirmed Hillsborough Ass'n, etc. v. City of Temple Terrace, 332 So.2d 610 (Fla. 1976); Rutgers State University v. Piluso, 60 N.J. 142, 286 A.2d 697 (1972).
In the present case no statute immunizes the appellee School Board, a governmental agency, from the application of municipal zoning ordinances. Under such circumstances, as the majority opinion points out, the trial court should apply a balancing of the interests test in deciding whether the appellant Village's zoning ordinances apply to the appellee Board. See cases cited above.
For the foregoing reasons I concur in the decision to reverse the order under review and remand the cause for further proceedings.