377 So.2d 752 (1979)
PAL-MAR WATER MANAGEMENT DISTRICT, Milton S. Umbenhauer, Patricia Lee Junod and Frederick L. Bell, Appellants,
v.
MARTIN COUNTY, a Political Subdivision of the State of Florida, Appellee.
No. 78-1347.
District Court of Appeal of Florida, Fourth District.
November 28, 1979.
Rehearing Denied January 8, 1980.
*753 Charles C. Chillingworth of Chillingworth & Considine, Palm Beach, for appellant, Pal-Mar Water Management District.
Margaret L. Cooper of Jones, Paine & Foster, P.A., West Palm Beach, for appellee.
MOORE, Judge.
Pal-Mar Water Management District, created in 1968 pursuant to the provisions of Chapter 298, Florida Statutes, appeals from a final judgment permanently enjoining it from excavating or filling land within Martin County, unless it obtains permits pursuant to Martin County zoning ordinances. The case was tried upon stipulated facts in the trial court. The issue involves the competing governmental interests between a county government and a "public corporation", the County contending that Pal-Mar, a public corporation, must obtain permits before implementing its court approved Amended Plan of Reclamation.
The appellants contend the trial court erred in applying the "balancing of competing interests" test in granting the permanent injunction. In the alternative, they argue that, even if the test applies, their interests are paramount to those of the County. We agree with the trial court's application of the "balancing of competing interests" test and affirm; however, for reasons discussed below, we find it unnecessary to reach appellant's second contention.
*754 By stipulation the parties agreed that Pal-Mar was incorporated as a water management district pursuant to the provisions of Chapter 298, Florida Statutes. It thereby became a public corporation in 1968, with all of the rights, powers and obligations as provided in Chapter 298. In 1971, an Amended Plan of Reclamation was approved by the Circuit Court of the Nineteenth Judicial Circuit in and for Martin County, Florida, and, by operation of law, Pal-Mar was required to, and did, commence implementation of the Amended Plan of Reclamation about September, 1972. This implementation involved the excavation of canals and ditches on lands located within Martin County. Pal-Mar neither applied for, nor received, any permits for the excavation as required by Martin County ordinances, originally adopted in 1967 and amended in 1973.
It was further stipulated that the County had not exercised its jurisdiction for planning and implementing a program for the drainage of the lands involved, nor had any landowner petitioned the County to establish a comprehensive plan for drainage of the lands involved. Pal-Mar was the only agency which had assumed jurisdiction for the management of surface waters within the boundaries of the water management district. The proposed canals would extend approximately 32 miles throughout the area within Martin County. The County advised Pal-Mar to cease and desist in filling and excavating without permits, and upon refusal to obtain permits, the County instituted the present suit seeking an injunction.
Assuming, without deciding, that a public corporation such as appellant is a governmental agency, it is immune from local government zoning requirements only if it can show that it enjoys an exemption. Absent a specific statutory exemption, courts have relied upon a number of tests in deciding which of two competing governments should prevail. See, City of Temple Terrace v. Hillsborough Ass'n., etc., 322 So.2d 571 (Fla. 2nd DCA 1975); affirmed, Hillsborough Ass'n., etc. v. City of Temple Terrace, 332 So.2d 610 (Fla. 1976). We find no statutory exemption in the creation of water management districts contained in Chapter 298; therefore it is necessary to determine whether some other authority exists which exempts Pal-Mar from the County's zoning ordinances.
In an effort to allow for the greatest fairness and flexibility in deciding intergovernmental conflict, this Court adopted the "balancing of competing interests" test, sometimes referred to as the "balancing of public interests" test. Orange County v. City of Apopka, 299 So.2d 652 (Fla. 4th DCA 1974). This was followed in Palm Beach County v. Town of Palm Beach, 310 So.2d 384 (Fla. 4th DCA 1975); City of Temple Terrace, supra; and Village of North Palm Beach v. School Board, 349 So.2d 683 (Fla. 4th DCA 1977). The rule is therefore well established that the test applies in those instances when one government proposes action contrary to the host government's pure zoning requirements. Although each of the cited cases involves an intruding government's proposal to construct facilities on land subject to the jurisdiction of the host government contrary to the latter's zoning regulations, we see no reason to deviate from the rule under the present facts involving permitting requirements.
In Orange County, supra, Judge Downey suggested the procedure to be followed by the intruding government:
"In the absence of express legislative immunity from zoning, the intruding governmental unit should apply to the host governmental unit's zoning authority for a special exception or for a change in zoning, whichever is appropriate. The zoning authority is then in a position to consider and weigh the applicant's need for the use in question and its effect upon the host unit's zoning plan, neighboring property, environmental impact, and the myriad other relevant factors. If the applicant is dissatisfied with the decision of the zoning authority, it is entitled, pursuant to Section 163.250, F.S. 1971, F.S.A., to a judicial determination de novo wherein the circuit court can balance the *755 competing public and private interests essential to an equitable resolution of the conflict. The court can consider, inter alia, the type of function involved, the applicant's legislative grant of authority, the public need therefor, the existing land use scheme, alternative locations for the facility in less restrictive zoning areas, alternative methods for providing the needed improvement, and the detriment to the adjoining landowners. If after weighing all pertinent factors the court finds the host government is acting unreasonably, the zoning ordinance should be held inapplicable to the proposed improvement, just as was done in State ex rel. Helseth v. DuBose, 99 Fla. 812, 128 So. 40 (1930)."[1]Orange County, supra, at 655.
The burden of proof is upon the intruding government. City of Temple Terrace, supra, at 579.
Unfortunately, appellants failed to heed the admonition of Judge Grimes in the Temple Terrace case where he said:
"There may be cases in which a state agency may be so convinced of the overriding public need for a particular land use that it may choose to go forward without resort to local authorities. Yet, under normal circumstances one would expect the agency to first approach the appropriate governing body with a view toward seeking a change in the applicable zoning or otherwise obtaining the proper approvals necessary to permit the proposed use." at 579.
Pal-Mar was apparently so convinced that it was exempt from the permit requirements it chose to proceed without resort to local authorities. Thus, the local authority, Martin County, was forced into the position of seeking an injunction, and the record established in the trial court is woefully inadequate to support an exemption. Pal-Mar having failed to sustain its burden of proof, the trial judge was correct in issuing the permanent injunction, which ruling is affirmed.
AFFIRMED.
DOWNEY, C.J., and ANSTEAD, J., concur.
NOTES
[1] On rehearing, the court receded from its reference to § 163.250 but otherwise adhered to its opinion.