Mr. Nicholas M. Meiszer County Administrator St. Johns County Post Office Drawer 349 St. Augustine, Florida 32085-0349
Dear Mr. Meiszer:
On behalf of the Board of County Commissioners of St. Johns County you ask the following:
1. Is construction undertaken by the St. Augustine- St. Johns County Airport Authority on property owned by the authority subject to the building construction codes adopted by St. Johns County?
2. Are paving and drainage construction projects undertaken by the St. Augustine-St. Johns County Airport Authority subject to regulation by St. Johns County pursuant to s. 125.01, F.S. (1992 Supp.)?
3. Is St. Johns County authorized to delegate the responsibility for building and vertical structure code enforcement inspections to the airport authority for construction that occurs on airport authority property?
In sum:
1. and 2. In the absence of a specific legislative directive to the contrary, construction undertaken by the St. Augustine-St. Johns County Airport Authority must comply with the building codes adopted by St. Johns County which regulate the unincorporated areas of the county.
3. St. Johns County is not authorized to delegate its authority to make inspections of buildings and to enforce the county building and construction codes on airport authority property to the St. Augustine-St. Johns County Airport Authority.
The St. Augustine-St. Johns County Airport Authority joins in your request for resolution of these issues.
Questions One and Two
Pursuant to s. 125.01(1), F.S. (1992 Supp.), the legislative and governing body of a county is authorized to:
(g) Prepare and enforce comprehensive plans for the development of the county.
(h) Establish, coordinate, and enforce zoning and such business regulations as are necessary for the protection of the public.
(i) Adopt, by reference or in full, and enforce building, housing, and related technical codes and regulations.
(j) Establish and administer programs of . . . conservation, flood . . . control, . . . and drainage . . . .
(k)l. Provide and regulate . . . water supply, and conservation programs.
Thus, a county is authorized to adopt regulations for building, zoning, paving, and drainage within its jurisdiction.
Part VII, Ch. 553, F.S., the "Florida Building Codes Act," states, in part, that:
It shall be the responsibility of each municipality and county in the state and of each state agency with statutory authority to regulate building construction to enforce the specific model code of the State Minimum Building Codes adopted by that municipality, county, or agency, in accordance with the provisions of s.553.80.[1]
The specific model code adopted by the county "shall regulate every type of building or structure, wherever it might be situated in the code enforcement jurisdiction[.]"[2] A code may be divided into particular areas of regulation such as building, mechanical, electrical, plumbing, or fire prevention codes.[3] The statute provides exceptions from such regulation for non-residential farm buildings on farms, temporary buildings or sheds used for construction purposes, mobile homes used as temporary offices. In light of the specific exemptions set forth in s. 553.73, F.S., relating to applicability, no other exemptions may be implied.[4]
Thus, Part VII, Ch. 553, F.S., contemplates that local enforcement agencies, such as counties, shall adopt and enforce a building code to cover all types of construction, and that the specific model code adopted shall regulate every type of building located within the jurisdiction of the local enforcement agency.[5]
The St. Augustine-St. Johns County Airport Authority ("the airport authority" hereafter) was created by Ch. 63-1853, Laws of Florida, as amended.[6] The act creates a special tax district "which district shall be a body politic and corporate and political subdivision of the state . . ."[7] The authority is designated as the governing body of the district, and in an opinion of this office, the members of the airport authority were determined to be district officers, not state or county officers.[8]
The airport authority, as provided in its enabling legislation, is authorized to:
[O]wn and acquire property by purchase, lease, eminent domain, gift or transfer from the City of St. Augustine, the United States of America, the State of Florida, or any agencies thereof, or individuals and to acquire, construct, maintain and operate airport facilities, warehouses, hangars, repair facilities, seaplane bases, and all other facilities incident to the operation of an airport . . . .[9]
Thus, the authority possesses the power to construct buildings and facilities necessary for the operation of an airport; however, nothing in the enabling legislation or subsequent amendatory legislation relating to the St. Augustine-St. Johns County Airport Authority exempts the authority from local building regulations.
Therefore, in the absence of any specific legislative directive to the contrary, it is my opinion that construction undertaken by the St. Augustine-St. Johns County Airport Authority is subject to regulation under the building codes adopted by St. Johns County pursuant to Part VII, Ch. 553, F.S.[10]
With regard to the applicability of county zoning ordinances to the airport authority property, it is the general rule in this state that, unless the Florida Legislature provides otherwise, one governmental unit, in the use of its property located within the jurisdictional boundaries of another governmental unit, is bound by the zoning regulations of the latter.[11] Thus, in the absence of any legislatively expressed exemption therefrom, it is my opinion that airport authority property is subject to those zoning regulations adopted by the county pursuant to s. 125.01, F.S.[12]
Similarly, it is my opinion that the reasoning applicable to intergovernmental zoning and building code questions should apply to such matters as paving and drainage regulations which arise between the airport authority and the county.[13] Therefore, in the absence of an express legislative provision exempting airport authority property from such regulation, the St. Augustine-St. Johns County Airport Authority must comply with the paving and drainage ordinances promulgated by St. Johns County.
Question Three
You ask whether St. Johns County is authorized to delegate its inspection authority under Part VII, Ch. 553, F.S., to the St. Augustine-St. Johns County Airport Authority.
Section 553.79(1), F.S., makes it unlawful for any person to construct a building within this state without first obtaining a permit for such construction from the appropriate enforcing agency. The plans and specifications for such building must be reviewed and found to be in compliance with the applicable State Building Codes prior to the issuance of a construction permit.[14]
The statutes provide that the enforcing agency must require a special inspector to perform structural inspections on threshold buildings pursuant to a structural inspection plan which has been prepared by the engineer or architect of record for the project.[15] The special inspector is required, upon completion of the building and prior to the issuance of a certificate of occupancy, to file a signed and sealed statement with the enforcement agency which provides that the structural load-bearing components of the project comply with the permitted documents and that the shoring and reshoring conforms with the shoring and reshoring plans submitted to the enforcement agency.[16]
With regard to enforcement of these provisions, s. 553.80, F.S., states, in part, that:
It shall be the responsibility of each local government, each legally constituted enforcement district, and each state agency with statutory authority to regulate building construction to enforce the building code adopted by such body in accordance with s. 553.73, unless such responsibility has been delegated to another unit of government pursuant to s. 553.79(9).
However, the language of s. 553.79(9), F.S., only recognizes the authority of a "state agency with building construction responsibility" to delegate its enforcement power. This section states that
Any state agency with building construction responsibility may enter into an agreement with any other unit of government to delegate its responsibility to enforce the delegate's building code governing the construction, erection, alteration, repair, or demolition of any state building and is authorized to expend public funds for permit and inspection fees, which fees may be no greater than the fees charged others. (e.s.)
Thus, only state agencies are specifically authorized to transfer such enforcement authority. While it is a "local enforcement agency"[17] within the scope of Part VII, Ch. 553, F.S., St. Johns County is not a state agency with building construction responsibility and, thus, is not authorized to transfer its enforcement authority for county building codes.
Therefore, it is my opinion that St. Johns County is not authorized to delegate its enforcement authority for county building codes to the St. Augustine-St. Johns County Airport Authority for construction projects undertaken on airport authority property.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 553.73(6), F.S.
[2] Section 553.73(7), F.S.
[3] Section 553.73(7), F.S.
[4] See, Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952), Biddle v. State Beverage Department, 187 So.2d 65, 67 (4 D.C.A.Fla., 1966), Williams v. American Surety Company of New York, 99 So.2d 877, 880 (2 D.C.A. Fla., 1958), for the proposition that where a statute sets forth exceptions, no others may be implied to be intended.
[5] Accord, AGO 82-24, concluding that the Tampa Port Authority is subject to the City of Tampa's building regulations, and that the city may require the port authority to obtain a building permit for the construction of a building upon authority property within the city limits of Tampa and to submit to inspection by city building inspectors.
[6] Ch. 63-1853, Laws of Florida, has been amended by Chs. 65-2172, 67-1983, 69-1535, 69-1541, 82-374, 83-507, and 83-508, Laws of Florida.
[7] Section 2, Ch. 63-1853, Laws of Florida as amended by s. 1, Ch. 65-2172, Laws of Florida.
[8] See, AGO 67-40.
[9] See, s. 1, Ch. 83-508, Laws of Florida, amending s. 5, Ch. 63-1853, Laws of Florida.
[10] And see, AGO 82-24 (a port authority is subject to a city's building regulations, and the city may require the port authority to obtain a building permit for construction of a building upon authority property within the city limits and to submit to inspection by city building inspectors) and AGO 73-369 (in the absence of any specific legislation providing otherwise, a municipality owning and operating an airport situate in the unincorporated area of the county is governed by, and subject to, the duly adopted building regulations of the county; the municipality may be required by the county to obtain a building permit for any building or structure to be erected on the airport property and to otherwise comply with the county building code).
[11] See, City of Temple Terrace v. Hillsborough Association for Retarded Citizens, Inc., 322 So.2d 571 (2 D.C.A. Fla., 1975), affirmed, Hillsborough Association for Retarded Citizens, Inc. v. City of Temple Terrace, 332 So.2d 610 (Fla. 1976); Palm Beach County v. Town of Palm Beach, 310 So.2d 384 (4 D.C.A. Fla., 1975), Orange County v. City of Apopka, 259 So.2d 652 (4 D.C.A. Fla., 1974); AGO's 82-24 and 76-114.
[12] See, AGO 86-47 (concluding that, in the absence of a specific legislative directive requiring a nonconforming use in a particular area, a public hospital special taxing district is subject to local municipal zoning ordinances governing property which the district wishes to condemn under its power of eminent domain and that the district could seek local approval for its nonconforming use from the appropriate local zoning authority which should apply a balancing-of-interests test in reviewing such application).
[13] See, AGO 79-37 (development on real property owned by a district school board situated within a municipality must comply with that municipality's comprehensive land-use plan as adopted pursuant to the Florida Local Government Comprehensive Planning Act).
[14] Section 553.79(2), F.S.
[15] Section 553.79(5)(a), F.S.
[16] Section 553.79(7)(a), F.S.
[17] The phrase is defined in s. 553.71(5), F.S., as "the agency of local government with authority to make inspections of buildings and to enforce the codes which establish standards for construction, alteration, repair, or demolition of buildings."